UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAKE CLARK, | No. 2:17-cv-02574-TLN-GGH |
| Petitioner, | ORDER |
| v. | |
| RAYTHEL FISHER, JR., Warden, | |
| Respondent. | |

*PROCEDURAL HISTORY*

Petitioner, appearing pro se, filed his petition for writ on December 8, 2017. ECF No. 1. On December 27, 2017, the court granted petitioner in forma pauperis status. ECF No. 8. Respondent moved to dismiss the action in February 23, 2018 on the ground that it contained unexhausted claims and therefore could not proceed given the requirement for exhaustion found in 28 U.S.C. section 2254 (b)(1)(A). ECF No. 17. After receiving a 30 day extension of time to do so, ECF No. 23, respondent opposed the motion for stay and abeyance on July 10, 2018. There is no question that the exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). "Under the exhaustion requirement, a habeas petitioner challenging a state conviction must first attempt to present his claim in state

1

court." Harrington v. Richter, 562 U.S. 86, 103 (2011); see also O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) ("the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts"). A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), *cert. denied*, 478 U.S. 1021 (1986). For a California prisoner to exhaust, he must present his claims to the California Supreme Court on appeal in a petition for review or post-conviction in a petition for a writ of habeas corpus in which he adequately describes the federal Constitutional issue that he asserts was denied. See Gatlin v. Madding, 189 F.3d 882, 888 (9th Cir. 1999).

Petitioner shows in his filings that he did file an appeal with the California Supreme Court but he does not describe the substance of the appeal. So it is not possible for the court to discern whether the claims now asserted in his federal habeas were presented to that court or not. Insofar as petitioner recognizes his need to exhaust, he appears to concede that he has not raised those claims at the state level. And, even assuming he did do so, he has not provided the factual underpinnings for the federal habeas claim.

In response to the motion to dismiss, petitioner sought an extension of time to file a motion for stay and abeyance pursuant to Rhines v. Weber, 544 U.S. 269 (2005), ECF No. 19, which motion he filed on March 21, 2018. ECF No. 21. Respondent now opposes the petitioner's motion for stay and abeyance on the ground that he has not shown sufficient cause for his failure to exhaust and he has not shown a sufficient likelihood of success on the merits of his petition. ECF No. 25.

*DISCUSSION*

Under Rhines, a district court may stay a petition to allow a petitioner to present unexhausted claims to the highest state court. Id. at 277. Assuming the petition has been timely filed, such a stay "eliminates entirely any limitations issue with regard to the originally unexhausted claims, as the claims remain pending in federal court[.]" King v. Ryan, 564 F.3d

1133, 1135 (9th Cir. 2009). However, in order to qualify for a stay under Rhines, a petitioner must: (1) show good cause for his failure to exhaust all his claims before filing this action; (2) explain and demonstrate how his unexhausted claim is potentially meritorious; (3) describe the status of any pending state court proceedings on his unexhausted claim; and (4) explain how he has diligently pursued his unexhausted claim. Rhines at 277-278.

What constitutes good cause has not been precisely defined except to indicate at the outer end petitioner must not have engaged in purposefully dilatory tactics, id., and that "extraordinary circumstances" need not be found. Jackson v. Roe, 425 F.3d 654, 661-662 (9th Cir. 2005); see also Rhines at 279 (Stevens, J., concurring)(the "good cause" requirement should not be read "to impose the sort of strict and inflexible requirement that would trap the unwary pro se prisoner")(internal citation omitted); Id. (Souter, J. concurring) (pro se habeas petitioners do not come well trained to address tricky exhaustion determinations). "But as the Jackson court recognized, we must interpret whether a petitioner has "good cause" for a failure to exhaust in light of the Supreme Court's instruction in Rhines that the district court should only enter such a stay in "limited circumstances." We must also be mindful that AEDPA aims to encourage the finality of sentences and to encourage petitioners to exhaust their claims in state court before filing in federal court." Wooten v. Kirkland, 540 F.3d 1019, 1023-1024 (9th Cir. 2008), *quoting* Jackson, 425 .3d at 661, (internal quotations omitted).

The Ninth Circuit stated that "a reasonable excuse, supported by evidence to justify a petitioner's failure to exhaust," will demonstrate "good cause" under Rhines. Blake v. Baker, 745 F.3d 977, 982 (9th Cir. 2014). Unfortunately, petitioner at this point has failed to meet both of the overarching requirements discussed here.

### A. *Showing of Good Cause*

Petitioner includes the legal standards for his petition and his request for stay and abeyance, but states no facts to tie his claims to those standards. He enters the cryptic statement "see attached memorandum" on page 5 of his petition which purports to state ground one for his petition, but there is no memorandum attached. In fact, the only substantive attachment is the Third District Court of Appeal decision which is found at Exhibit A to the petition. ECF No. 1 at

5. As to why he did not exhaust state remedies as to ground one of his petition he states only "N/A Did all processes to knowledge" and "petitioner contends jury instructions relate to the claims raised." If this statement means to convey that he did not know exhaustion was required, his ultimate desire for stay and abeyance will fail, as will his petition itself, as lack of knowledge of the requirements underlying the writ is not "good cause." The Ninth Circuit has made clear that good cause cannot be based on mere ignorance of the law because such a finding "would render stay-and-abeyance orders routine" and thus "would run afoul of Rhines and its instruction that district courts should only stay mixed petitions in "limited circumstances." Wooten v. Kirkland, 540 F.3d 1019, 1024 (9th Cir. 2008); see also Hughes v. Idaho State Board of Corrections, 800 F.2d 905, 909 (9th Cir. 1986) (ignorance of the law does not constitute an excuse from failing to exercise due diligence). Thus, unless petitioner can state specific facts regarding his failure to exhaust beyond his claim he did all within his knowledge to meet the prefiling standard for habeas, his motion for stay and abeyance must fail on this ground alone.

B. *Explanation and Demonstration of Potential Merits of Unexhausted Claims*

Petitioner implies that the core of his petition is a failure to properly instruct the jury either because his attorney provided insufficient representation in failing to seek instructions on various core issues, or because the court failed to *sua sponte* instruction while under a duty to do so. Again, however, petitioner states a premise for the petition, but he does not state any facts regarding what evidence was presented at the trial that would support the instructions he lists as that, having not been given to the jury, resulted in a denial of a fair trial as a matter of federal constitutional law. He fails this prong of the test for stay and abeyance, while at the same time failing to provide a creditable habeas petition in the first instance.

C. *Status of Any Pending State Court Proceedings on Unexhausted Claims*

Petitioner does not claim that he has any pending state court proceedings at this stage nor does he assure the court that he is prepared to bring them. This is yet another flaw in petitioner's pleadings at this stage of the litigation process.

////

////

4

*D.  Petitioner's diligence*

Petitioner is silent with regard to any actions taken to move forward to pursue his unexhausted claims, thus the court has no choice but to assume that he has taken no such actions and that his request for stay and abeyance is either premature or wholly unmeritorious.

*E.  The Petition*

As stated above, the petition at issue is nearly devoid of facts.  Petitioner claims that the errors that are amenable to correction through habeas corpus involve a claim of insufficient evidence to convict and the defective nature of the jury instructions in his case.  He alleges that his attorney was insufficient for not insisting on certain instructions regarding accomplice liability, conspiracy, and aider/abettor liability, and that the attorney's failure to do so created a duty for the court to *sua sponte* include those instruction.  Again, however, petitioner identifies no facts presented in his defense at trial that would require the presentation of any such instructions or support his claim of insufficient evidence to convict in the first instance.

Pro se pleadings are, however, held to a less stringent standard than those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  Pro se pleadings are construed liberally and may only be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir. 2014).  A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).  Because it is not clear whether the petitioner can substantively state a claim in habeas now that it has been addressed in this Order, the court will dismiss the petition, and permit the petitioner to file an amended petition if he can do so given the standards set out in this Order as well as a claim for stay and abeyance.  **Petitioner is directed to specifically demonstrate that he has presented claims in an amended petition to the California Supreme Court, or that he has not done so**.

*CONCLUSION*

In light of the foregoing IT IS HEREBY ORDERED that:

1. The petition is DISMISSED with leave to amend in conformity with the issues

5

addressed in this Order within 30 days of the Order's service.

2. Petitioner's request for a stay and abeyance is DENIED without prejudice, subject to the completion of the filing of an Amended Petition together with a new <u>Rhines</u> motion which addresses the preconditions for the granting of such a motion.

Dated: September 3, 2018

<u>/s/ Gregory G. Hollows</u>
UNITED STATES MAGISTRATE JUDGE
