UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAKE CLARK,<br><br>    Petitioner,<br><br>    v.<br><br>RAYTHEL FISHER, JR.,<br><br>    Respondent. | No. 2:17-cv-02574-TLN-GGH<br><br>ORDER |

Petitioner filed a habeas corpus complaint on December 8, 2017, ECF No. 1, along with a Motion to Proceed In Forma Pauperis ("IFP"). ECF No. 2. The court granted IFP status on December 27, 2017, and directed service of the action on the California Attorney General. ECF No. 8. On February 23, 2018, respondent filed a Motion to Dismiss the petition on the basis that petitioner had not exhausted the majority of his claims through appeal to the California Supreme Court. ECF No. 17.

On March 12, 2018 petitioner filed a Motion for a 30 day extension of time to file a Motion for Stay and Abeyance. ECF No. 19. Before the court issued an Order granting the extension, ECF No. 20, petitioner filed an opposition to respondent's Motion to Dismiss on March 21, 2018. ECF No. 21. On May 11, 2018 the court issued an Order redenominating petitioner's opposition to an affirmative Motion for Stay and Abeyance and directed respondent to file his opposition, if any, within 30 days of the issuance of that Order. ECF No. 22.

1

Respondent sought and was granted a 30 day extension of time to respond to the petitioner's motion, ECF Nos 23, 24, and petitioner filed an opposition thereto on July 10, 2018. ECF No. 25.

On September 4, 2018 the court issued an Order dismissing both the petition and the motion for stay and abeyance with leave to amend within 30 days in conformity with instructions given in the order as to the proper content of both documents. ECF No. 29. Petitioner has not responded to this Order, except to brief the merits of some claims. ECF No. 30.

By petitioner's not completing what was ordered by the undersigned, the pleadings in this case are non-cognizable. The court cannot pick and choose from various filings what the issues actually are in this case, and whether those issues have been exhausted, or will be subject to stay. Given the dismissal order in ECF No. 29, there is no petition pending at this time.

Accordingly, petitioner is again ORDERED to file an amended petition within thirty days being careful to list each issue specifically, give the specific facts related to each issue, state whether each issue is exhausted and, if not, why the court should hold the petition in abeyance. Petitioner may repeat his merits argument of ECF No. 30, if petitioner desires the court to take such arguments into account. The exhaustion statement shall include the facts relating to why the issue was not exhausted previously, i.e., whether petitioner has exercised diligence in requesting the stay and abeyance for *each* issue. The exhaustion statement will be utilized by the undersigned in opposition to respondent's objections to granting a stay and abeyance, see ECF. No. 25.

ECF No. 31 is vacated as superfluous.

Petitioner is advised that this Order, as was the Order in ECF No. 29, is not optional. If the amended petition is not filed in accordance with the terms of this Order, a recommendation will be made that the entire action be dismissed.

**IT IS SO ORDERED.**

Dated: December 17, 2018

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE