UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAKE CLARK,<br><br>    Petitioner,<br><br>v.<br><br>RAYTHEL FISHER, JR.,<br><br>    Respondent. | No. 2:17-cv-02574 TLN GGH P<br><br><br>ORDER |

Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Rule 2 of the Rules Governing Section 2254 Cases provides that the petition: "shall specify all the grounds for relief which are available to the petitioner and of which he has or by the exercise of reasonable diligence should have knowledge and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c), Rules Governing Section 2254 Cases. Petitioner must also clearly state the relief sought in the petition. Id. Additionally, the Advisory Committee Notes to Rule 4 explains that "notice pleading is not sufficient, for the petition is expected to state facts that point to a real possibility of constitutional error." Advisory Committee Notes to Rule 4; see Blackledge v. Allison, 431 U.S. 63, 75, n.7 (1977).

Here, aside from identifying his first claim for insufficient evidence, and what appears to be a claim for ineffective assistance of counsel, petitioner fails to specify the grounds for relief for

1 | each of his claims in his 90-page petition. Instead of clearly and individually stating each of his
2 | claims in the court's form application for writ of habeas corpus, petitioner refers to a brief that
3 | lists additional claims but does not clearly indicate whether each individual claim has been
4 | exhausted.[1] In its current form, the petition contains both exhausted and unexhausted claims.

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondents' counsel. 28 U.S.C. § 2254(b)(3).[2] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

The state court has had an opportunity to rule on the merits when the petitioner has fairly presented the claim to that court. The fair presentation requirement is met where the petitioner has described the operative facts and legal theory on which his claim is based. Picard, 404 U.S. at 277-78. Generally, it is "not enough that all the facts necessary to support the federal claim were before the state courts . . . or that a somewhat similar state-law claim was made." Anderson v. Harless, 459 U.S. 4, 6 (1982). Instead,

> [i]f state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

---

[1] It appears that petitioner is attempting to allege a total of six grounds for relief. See ECF No. 34 at 47. Petitioner admittedly agrees that claims two through five are unexhausted. Id. Petitioner attempts to raise the following six claims: "1) The evidence was insufficient to support his first-degree murder conviction; 2) The trial court erred by not instructing the jury sua sponte on felony murder; 3) The trial court erred in failing to instruct the jury sua sponte on the lesser included offense of voluntary and involuntary manslaughter; 4) The trial court erred in failing to instruct the jury sua sponte on "accomplice after the fact,' [] 5) The trial court erred in failing to instruct the jury sua sponte on the natural and probable consequences doctrine[;]" and 6) a claim for ineffective assistance of counsel. Id.

[2] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

2

Duncan v. Henry, 513 U.S. 364, 365 (1995).  Accordingly, "a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief."  Gray v. Netherland, 518 U.S. 152, 116 S. Ct. 2074, 2081 (1996).  The United States Supreme Court has held that a federal district court may not entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with respect to each of the claims raised.  Rose v. Lundy, 455 U.S. 509 (1982).  A mixed petition containing both exhausted and unexhausted claims must be dismissed.

The court finds that petitioner has failed to exhaust state court remedies as to claims two through six.  Accordingly, the petition is a mixed petition containing both exhausted and unexhausted claims and must be dismissed.  Good cause appearing, petitioner will be granted thirty days to file an amended petition raising only exhausted claims.[3]  Petitioner must clearly show that each claim has been exhausted in his amended petition.

Accordingly, IT IS HEREBY ORDERED that:

1.  The Findings and Recommendations issued February 6, 2019, is VACATED;

2.  Petitioner's application for writ of habeas corpus is dismissed with leave to amend within thirty days from the date of this order;[4]

3.  **Petitioner must state each claim individually on the habeas form provided**; petitioner may not simply refer the court to arguments in an attached brief.  For each specific claim set forth in the form, **petitioner shall attach proof that each claim has been exhausted with the California Supreme Court** either on direct review (in which case show where the

---

[3] Petitioner is cautioned that if he chooses to proceed on an amended petition raising only exhausted claims he will risk forfeiting consideration of the unexhausted claims in this or any other federal court.  See McCleskey v. Zant, 499 U.S. 467 (1991); see also Rose, 455 U.S. at 520-21; Rule 9(b), Rules Governing Section 2254 Cases.

Petitioner is further cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court.  In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending.  28 U.S.C. § 2244(d).

[4] By setting this deadline the court is making no finding or representation that the petition is not subject to dismissal as untimely.

petition for review contains the federal claim), or in state habeas corpus by providing the state habeas petition directed to that Court as well as the ruling of that Court. Petitioner must follow these instructions; the court will not again issue them. Petitioner is cautioned that failure to follow these instructions will result in a dismissal of the petition;

4. Any amended petition must bear the case number assigned to this action and the title "Second Amended Petition"; and

5. The Clerk of the Court is directed to send petitioner the court's form application for writ of habeas corpus.

Dated: February 22, 2019

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE